Petition of ATLANTIC GULF & WEST IN-
DIES S. S. LINES et al.

Appeal of FEDERAL SHIPBUILDING & DRY
DOCK CO.

No. 323.

Circuit Court of Appeals, Second Circuit.

April 20, 1931.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Cletus Keating and Edwin S. Murphy, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

In these limitation proceedings, the Federal Shipbuilding & Dry Dock Company filed a claim on its own behalf, as owner of the tug Federal No. 2, and on behalf of the charterer and crew of the tug for salvage services rendered while the steamship Agwisun was on fire on December 11, 1926, at the Robins Dry Dock, Brooklyn, N. Y. The Agwisun was a steel tank steamer, length 429.3, breadth 59.2, depth 33.2; her tonnage was 10,600 dead weight, 6,784 gross, and 4207 net. She was classed by Lloyds X100 A-1 before the explosion. The tug Federal No. 2, measured length 95, beam 24½, depth 12; her tonnage 178 gross, and 29 net. She had a crew of five men on board at the time of the salvage services. The Agwisun had been taken out of dry dock and was on the southeast side of the pier directly adjacent to the dry dock. She was moored bow in with her port side to the pier. Her stern projected well out into the stream. The master of the tug observed and heard an explosion and fire on the vessel, and immediately went full speed toward her. The crew set up the pumps for operation; the No. 2 arrived alongside before any other assistance, and rescued the crew and repairmen from the stern of the vessel and labored to prevent further explosions by extinguishing the flames

in the blazing drip barrel, playing water on the flames wherever seen, and on the heated plates and the structure of the vessel. The importance of this as a preventive was recognized by witnesses. There was danger of further explosions, for there was gas aboard the vessel even after the explosion which had taken place. In performing the services, the tug and crew incurred risks which should be recognized in ascertaining the amount to be awarded for salvage.

The vessel was valued at $341,395; the tug at about $70,000 at the time. The services were meritorious, and the amount awarded of $1,000 is insufficient. An allowance of $3,000 we think fair under all the circumstances. The salvage awarded should be in a sum sufficient to reward the salvors and to encourage them and other seamen to render prompt service under similar peril in the future. The Blackwall, 10 Wall. (77 U. S.) 1, 19 L. Ed. 870; The Niels Nielsen, 277 F. 164 (C. C. A. 2); Huasteca Petroleum Co. v. United States, 27 F.(2d) 734 (C. C. A. 2).

The decree will be modified.