232 F.2d 238
 LAGO OIL AND TRANSPORT COMPANY, LTD., a Canadian corporation, as Owner of THE Diesel Tug CAPTAIN RODGER, in its own behalf and in behalf of the Master, Mate and Crew of said Tug, and of Charles E. LANNING, Attorney-in-fact for said corporation, Libelants-Appellants,
v.
UNITED STATES of America, as Owner and Operator of THE S.S. FISHER'S HILL, Respondent-Appellee.
 No. 232.
 Docket 23838.
 United States Court of Appeals Second Circuit.
 Argued February 15, 1956.
 Decided March 9, 1956.
 Rehearing Denied April 25, 1956.
 
 On the previous appeal, we reversed and remanded. Our opinion (per Mr. Justice Frankfurter) on that appeal, 2 Cir., 218 F.2d 631, states the facts in some detail. On the remand, the trial judge, without receiving further evidence, rendered an opinion reading as follows:
 "The award of $1,841.99 to the members of the Captain Rodger crew having been affirmed by the Court of Appeals, the only issue that remains is the amount to be awarded to libellant for the salvage services rendered by the Captain Rodger prior to her destruction. In addition to those factors normally to be considered, I have also taken into account libellant's economic self-interest arising out of its relationship to the respondent, the fact that libellant, irrespective of success, would have received some compensation for services, that others participated in the salvage operation even though not in comparable degree. Taking these and all other relevant factors into account, I have concluded that the sum of $12,500.00 represents a fair and just award and is in consonance with the policy underlying the grant of salvage awards. This sum is in addition to the award to the crew members. The libellant contends that the Court of Appeals in effect directed that the award approximate the sum of $175,000, the value of the salvor vessel. I do not so read the opinion. If this contention were correct there appears to be no basis upon which the award of $1,841.99 to the crew members can rest, unless we are to give greater emphasis to risk and danger to property than to human lives. The men risked their lives at least to the same degree as libellant risked its tug. While fortunately no crew member was lost, had such a misfortune occurred no greater award to the men other than that authorized by salvage award principles could have been granted. Loss of life, just as loss of property, does have a bearing on the element of the risk involved but in neither instance may an award be made for the loss of such."
 The judge made a decree in accordance with his opinion. Lago has appealed, and the United States has cross-appealed.
 Kirlin, Campbell & Keating, Edwin S. Murphy, Paul F. McGuire, New York City, of counsel, proctors for libelants-appellants.
 Warren E. Burger, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., Martin J. Norris, Atty., Dept. of Justice, New York City, for respondent-appellee.
 Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 The United States, on its cross-appeal, contends that the trial judge erred in awarding anything to Lago. We cannot agree. Our previous opinion and the evidence amply justified the judge in making an award.
 
 
 2
 Lago, on its appeal, contends that the award should have approximated the value of its lost tug plus large additional compensation. We think such a decree would have ignored what we said on the previous appeal.
 
 
 3
 We think, however, that $12,500 was inadequate. Although we did not explicitly reject the judge's finding that the tug's captain had taken an unnecessary risk, we pretty clearly indicated that, considering all the circumstances at the time of the salvage and disregarding hindsight, the value of the lost tug should be taken into account. The judge apparently did so to some extent. But we think he was too much affected by the fact that we had not directed an increase of the award he had made to the crew members. Perhaps we should have. Indeed, the writer of this opinion thinks that we ought now add substantially to the crew's award.[1] At any rate, we think the judge "abused" his discretion. A stingy award to a salvor contravenes good public policy. Accordingly, we reverse and remand with directions to award Lago $25,000.[2]
 
 
 4
 Reversed and remanded on Lago's appeal; affirmed on the cross-appeal of the United States.
 
 
 
 Notes:
 
 
 [1]
 We still have power to do so. See 28 U.S.C.A. § 452 which provides:
 "The continued existence or expiration of a term of court in no way affects the power of the court to do any act or take any proceeding."
 
 
 [2]
 That we may increase an award for "abuse" of discretion, see, e. g., Petition of Atlantic Gulf & West Indies S.S. Lines, 2 Cir., 49 F.2d 263
 
 
 
 5
 On Petition for Rehearing and Motion for Clarification of Opinion
 
 
 6
 Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.
 
 
 7
 FRANK, Circuit Judge.
 
 
 8
 The petition for rehearing is denied.
 
 
 9
 Libelants move for a clarification of our opinion concerning the salvage award to the captain and crew. The opinion said, "Indeed, the writer of this opinion thinks that we ought now add substantially to the crew's award." This was not a statement by the court. Moreover, libelants did not request such an additional award. However, the attorneys for the captain and crew now ask that we increase their award. We grant their request.
 
 
 10
 We therefore direct the district court to increase the award to the captain and crew from $2,217.02 to $4,434.04.
 
 
 11
 In addition, we point out an error in the recitation of facts in our former opinion. We said, "The United States, on its cross-appeal, contends that the trial judge erred in awarding anything to Lago." In fact, the Government asked only for a reduction of the award from $12,500 to $6,000.